DAVID WARSHAW, ESQ. 027371993
WARSHAW LAW FIRM LLC
266 King George Rd Suite C-2
Warren, NJ 07059
973-433-2121
My File: W1414332
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J Sports Productions, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar; Steven Gomez, <br><br> Defendants. | Case No.: 2:18-cv-05625-BRM-DEA <br><br> COMPLAINT |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. §605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. §553, *et seq*.

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of New Jersey constituting an unfair business practice in violation of the law, including specific New Jersey state statutes, more particularly set forth below.

## VENUE

4.     Pursuant to Title 47 U.S.C. §605 and 47 U.S.C. §553, venue is proper in the District of New Jersey because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants' reside within the State of New Jersey (28 U.S. C. §1391 (b) and 28 U.S.C. §84(c)(2)).

## THE PARTIES

5.     Plaintiff, J&J Sports Productions, Inc., is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 S. Bascom Ave., #200 Campbell, CA 95008.

6.     At all times relevant hereto, Defendant 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar was a limited liability company/corporation organized and existing under the laws of the State of New Jersey with Business Entity ID Number 0600214200.

7.     Plaintiff is informed and believes, and alleges thereon, that, at all times relevant hereto, Defendants 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar and Steven Gomez was an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or entity with dominion, control, oversight and management of the commercial establishment doing business as 89 Jersey Ave., LLC a/k/a Garibaldi's Package

Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, operating at 181 Throop Ave., New Brunswick, NJ 08901.

8.    Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Steven Gomez was a Member/Officer/Director/Shareholder/Agent of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and was the Managing Member of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar.

9.    Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Steven Gomez was the Registered Agent for 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar.

10.    Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Steven Gomez was identified by the State of New Jersey as the Managing Member for the commercial establishment 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, operating at 181 Throop Ave., New Brunswick, NJ 08901.

11.    Plaintiff is informed and believes, and alleges thereon, that on 4/9/2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 20), Defendant Steven Gomez had the right and ability to supervise the activities of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12.    Plaintiff is informed and believes, and alleges thereon that on 4/9/2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 20), Defendant Steven Gomez, as an individual specifically identified by the State of New Jersey as the Managing Member for the commercial establishment 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and as the Managing Member of the entity that owned and operated 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home

3

Liquors d/b/a D'Palace Bar, had the obligation to supervise the activities of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, which included the unlawful interception, receipt and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business licenses were not used in violation of law.

13. Plaintiff is informed and believes, and alleges thereon that on 4/9/2016 (the night of the Program at issue herein, as more specifically defined in paragraph 20), Defendant Steven Gomez, specifically directed the employees of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar to unlawfully intercept, receive and broadcast Plaintiff's Program at 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar or that the actions of the employees of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar are directly imputable to Defendant Steven Gomez by virtue of his acknowledged responsibility for the actions of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar and/or his position an officer and member of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar.

14. Plaintiff is informed and believes, and alleges thereon that on 4/9/2016, Defendant Steven Gomez as an individual specifically identified by the State of New Jersey as the Managing Member for the commercial establishment 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and as a Member/Officer/Director/Shareholder/Agent of the entity that owned and operated 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, had an obvious and direct financial interest in the activities of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, which included the unlawful interception, receipt and publication of Plaintiff's Program.

15. Plaintiff is informed and believes, and alleges thereon, that the unlawful broadcast of Plaintiff's Program, was supervised and/or authorized by Defendant Steven Gomez, either personally or through instruction to the employees of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and that the broadcast of the

Program resulted in income for 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar and Steven Gomez.

16. Plaintiff is informed and believes, and alleges thereon that on 4/9/2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 20), Defendant Steven Gomez specifically directed or permitted the employees of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar to unlawfully intercept and broadcast Plaintiff's *Program* at 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, or intentionally intercepted, and/or published the *Program* at 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar themselves. The actions of the employees of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar are directly imputable to Defendant Steven Gomez by virtue of his acknowledged responsibility for the operation of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar.

17. Plaintiff is informed and believes, and alleges thereon, that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Steven Gomez, resulted in increased profits for 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar.

18.     Plaintiff is informed and believes, and alleges thereon that on 4/9/2016 (the night of the *Program* at issue herein, as more specifically defined in paragraph 20), Defendant Steven Gomez as the Managing Member of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar was a moving and active conscious force behind the operation, advertising, and promotion of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and had the obligation to supervise the activities of 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, and is responsible for all activities that occurred therein, which included the unlawful interception and exhibition of Plaintiff's *Program*.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605 - As an Alternative To Count Two)

19.     Plaintiff J&J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20.     Pursuant to contract, Plaintiff J&J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the Manny Pacquiao v. Timothy Bradley, Jr., WBO Welterweight Championship Fight Program, telecast nationwide on 4/9/2016 (this included all under card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

21.     Plaintiff J&J Sports Productions, Inc., thereafter sublicensed various commercial entities throughout North America, including entities within the State of New Jersey, by which it granted these entities limited rights to publicly exhibit the *Program* within their respective commercial establishments within the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

22.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J&J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

23.  With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 6-23 above),  did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment 89 Jersey Ave., LLC a/k/a Garibaldi's Package Goods a/k/a Garibaldi's Home Liquors d/b/a D'Palace Bar, operating at 181 Throop Ave., New Brunswick, NJ 08901.

24. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

25. Title 47 U.S.C. §605, *et seq*., prohibits the unauthorized interception, receipt, publication or divulgence of communications such as the television transmission of the *Program* for which Plaintiff J&J Sports Productions, Inc., had the distribution rights thereto.

26. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. §605, *et seq.*

27. By reason of the Defendants' violation of Title 47 U.S.C. §605*, et seq*., Plaintiff J&J Sports Productions, Inc., has a private right of action pursuant to Title 47 U.S.C. §605.

28. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. §605, and pursuant to said §605, Plaintiff J&J Sports Productions, Inc., is entitled to the following from Defendants:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. §605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. §605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. §605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
### (Violation of Title 47 U.S.C. Section 553 – As an Alternative to Count I)

29. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-28, inclusive, as though set forth herein at length.

30. 47 U.S.C. §553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

31. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

32. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. §553, *et seq.*

33. By reason of the Defendants' violation of Title 47 U.S.C. §553, *et seq.,* Plaintiff J&J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. §553.

34. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. §553, Plaintiff J&J Sports Productions, Inc., is entitled to the following from Defendants:

   (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. §553(c)(3)(A)(ii); and also
   (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. §553(c)(3)(B); and also
   (c) the recovery of full costs pursuant to Title 47 U.S.C. §553 (c)(2)(C); and also
   (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. §553(c)(2)(C).

## COUNT III
### (Common Law Conversion)

35. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-39, inclusive, as though set forth herein at length.

36. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

37. The aforesaid acts of the Defendant was willful, malicious, egregious, and intentionally designed to harm Plaintiff J&J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to economic distress and financial loss.

38. Accordingly, Plaintiff J&J Sports Productions, Inc., is entitled to both compensatory and punitive damages from the aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## **COUNT IV**
**(UNLAWFUL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)**

39. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-38, inclusive, as though set forth herein at length.

40. Plaintiff J&J Sports Productions, Inc. had a reasonable expectation of economic advantage or benefit resulting from the broadcast of the *Program*.

41. The aforementioned Defendants had knowledge that Plaintiff J&J Sports Productions, Inc. had the expectancy of an economic advantage in connection with the broadcast of the *Program*.

42. The aforementioned Defendants wrongfully and without justification interfered with Plaintiff's expectancy of economic advantage and/or benefit deriving from the broadcast of the *Program*.

43. In the absence of the wrongful act of the aforementioned Defendants it is reasonably probable that the Plaintiff would have realized its economic advantage and/or benefit.

44. The Plaintiff has sustained damages as a result thereof.

## COUNT V
### (UNLAWFUL INTERFERENCE WITH CONTRACTUAL RELATIONS)

45. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-44, inclusive, as though set forth herein at length.

46. Plaintiff's reasonable expectation of economic gain through the broadcast of the Program was vested through a contract with the promoter.

47. The aforementioned Defendants, through their act of unlawfully intercepting and broadcasting Plaintiff's Program, intentionally interfered with Plaintiff's contract.

48. The aforementioned Defendants are not parties to Plaintiff's contract.

49. The aforementioned Defendants were without justification in interfering with Plaintiff's contract.

50. The Plaintiff has sustained damages as a result thereof.

## COUNT VI
### (Unjust Enrichment)

51. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-50, inclusive, as though set forth herein at length.

52. Defendants received a benefit at the expense of Plaintiff J & J Sports Productions, Inc., to wit, the full value of the commercial cost of the *Program*, which Plaintiff rightfully expected to receive.

53. Defendants have unjustly retained this benefit at the expense of Plaintiff J & J Sports Productions, Inc., to whom the commercial fee for the *Program* should lawfully have been paid.

54. Accordingly, Plaintiff J & J Sports Productions, Inc. is entitled to damages, including restitution damages, for Defendants' unjust enrichment.

**WHEREFORE, Plaintiff prays for judgment, including interest as permitted by law, against all of the above-captioned Defendants, jointly and severally, as set forth below.**

**As to the First Count (as an alternative to the second count):**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count (as an alternative to the first count):**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory and punitive against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For compensatory and punitive against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fifth Count:**

1. For compensatory and punitive against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Sixth Count:**

1. For restitution against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

**DESIGNATION OF TRIAL COUNSEL**

David Warshaw, Esq., of Warshaw Law Firm LLC, is hereby designated as trial attorney for Plaintiff.

Dated: April 4, 2018                    WARSHAW LAW FIRM LLC

                                        By: ___*David Warshaw*___
                                        266 King George Rd Suite C-2
                                        Warren, NJ 07059
                                        973-433-2121
                                        Attorneys for Plaintiff